# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **MICHAEL D. WATTS,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Civil Action |
| : | No. 5:10-cv-238 (CAR) |
| **OCWEN LOAN SERVICING, LLC,** : | |
| **and FREDDIE MAC,** : | |
| : | |
| **Defendants.** : | |
| : | |

## ORDER TO DISMISS

On June 18, 2010, the parties appeared for an evidentiary hearing into Plaintiff's Motion for Preliminary Injunction. The Court denied the motion on the grounds that Plaintiff had not demonstrated a substantial likelihood of success on the merits. Moreover, the Court found that Plaintiff's claims appeared to be frivolous and lacking any arguable basis in fact or law. Plaintiff was given 20 days to show cause why his case should not be dismissed for failure to state a claim upon which relief can be granted. Plaintiff has submitted a timely brief in response to the show cause order, but his brief simply confirms that his claims are without merit.

Plaintiff brought the present lawsuit as the latest in a series of lawsuits filed in his effort to forestall foreclosure on the home in which he has lived since September 2008.[1] Plaintiff's complaint itself is largely incomprehensible. According to the Complaint, Plaintiff entered into a loan transaction with Taylor, Bean, & Whitaker Mortgage Corporation ("TB&W") on September 4, 2008.

---

[1]Plaintiff filed a previous lawsuit in this Court regarding the same transaction (<u>Watts v. Taylor, Bean & Whitaker, et al.</u>, Civil Action No. 5:09-cv-295). The Complaint indicates that he also filed two previous lawsuits in the Superior Court of Jones County.

Sometime thereafter, TB&W assigned the note and security deed to Defendant. Although Plaintiff makes reference to a number of statutes and regulations of uncertain relevance to the case, his claims seem to be based primarily on two theories: (1) that the assignment of the loan to Defendant was somehow wrongful or fraudulent; and (2) that the security interest was void because Defendant failed to produce the original signed Note and Security Deed to Plaintiff. The Complaint may also be read to contend that TB&W somehow violated its own underwriting standards by issuing the loan to Plaintiff. See Complaint ¶ 28.

At the hearing on Plaintiff's Motion for Preliminary Injunction, the Court inquired further into the nature of Plaintiff's claims. Plaintiff admitted that he had entered into a loan transaction with TB&W for the purchase of a house. He admitted that TB&W paid $208,000 to the seller of the house. He admitted that he and his wife have lived in the house from September 2008 until the present and that *they have never made a single payment on the loan*. When questioned about the nature of his claims, Plaintiff attempted to articulate a theory that the loan was paid in full when TB&W assigned it to Ocwen and that TB&W was unjustly enriched by selling the loan to Ocwen.

In his response to the show cause order, Plaintiff has failed to show any authority for his claim that the assignment of the loan was wrongful or for his argument that the loan was void because Ocwen had not produced the original of the Note. The Court is aware of no law to that effect. Assignments of loans are a common, almost universal practice in the American banking industry. The Note Plaintiff signed plainly states in its very first paragraph, "I understand that the Lender may transfer this Note." Def's Ex. 2 ¶ 1 (Doc. 4). The Security Deed likewise provides that it binds and benefits "the successors and assigns of Lender." Def's Ex. 3 ¶ 13 (Doc. 4). The Security Deed was filed in the records of the Clerk of Court for the Superior Court of Jones County. Plaintiff does not contend that it has been altered in any way.

Plaintiff's Complaint must be dismissed, as it fails to set forth a claim upon which relief can be granted. To state a claim, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plaintiff's Complaint fails to allege any wrongful conduct on the part of the Defendants. Instead, it appears to be nothing more than an attempt to use frivolous and abusive litigation to forestall a lawful foreclosure so that Plaintiff can continue to live in a house that he has occupied, rent-free, for twenty-two months. He has been warned that future attempts to use this Court and its process for such purposes may result in sanctions under Rule 11 of the Federal Rules of Civil Procedure. As for the present case, it is hereby **DISMISSED WITH PREJUDICE**.

It is SO ORDERED this 21st day of July, 2010.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

chw